**Abatement Order filed January 10, 2017**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-16-01011-CV
_____

## IN THE INTEREST OF B.H., B.H., B.H., B.D.M.H., CHILDREN

---

**On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2013-06150J**

---

## ABATEMENT ORDER

This is an accelerated appeal from a judgment in a suit in which the termination of the parent-child relationship is at issue ("parental termination case"). The notice of appeal was filed December 20, 2016. Appeals in parental termination cases are to be brought to final disposition within 180 days of the date the notice of appeal is filed. *See* Tex. R. Jud. Admin. 6.2(a) (effective May 1, 2012). The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c).

The court reporter has notified this court that she is unable to produce the reporter's record because the electronic file has been corrupted. Rule 34.6(f) of the

Texas Rules of Appellate Procedure provides that an appellant is entitled to a new trial under the following circumstances:

(1)      if the appellant timely requested a reporter's record;

(2)      if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3)      if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4)      if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

Accordingly, the trial court is directed to conduct a hearing to determine the following: (1) whether appellant timely requested a reporter's record; (2) whether, without the appellant's fault, significant portions of the record have been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible; (3) whether the lost or destroyed portions of the record are necessary to appellant's appeal; and (4) whether the parties can agree on replacement of the portions of the record. The court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing, by **January 24, 2017**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the

trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM